383 A.2d 952

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Frank A. TROBACK, Respondent.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided March 23, 1978.

Frank A. Troback, Lancaster, Robert E. Gabriel, Philadelphia, for respondent.

Allen B. Zerfoss, Chief Disciplinary Counsel, Harrisburg, William J. Honig, Asst. Disciplinary Counsel, Philadelphia, for the Board.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

. OPINION

EAGEN, Chief Justice.

On February 22, 1975, Frank A. Troback, a resident of the County of Lancaster, Pennsylvania, and licensed to practice law in Pennsylvania, was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of interstate transportation of stolen securities in violation of Title 18, United States Code Sections 2314 and 2, 18 U.S.C.A. §§ 2314 and 2. On January 27, 1976, he was sentenced to three years imprisonment to begin on February 9, and to "become eligible for parole under 18 U.S.C.A. § 4208(a)[1](i) upon serving one year."

On August 22, 1977, pursuant to a petition filed by Troback under Rule 35 of the Federal Rules of Criminal Procedure, the sentence imposed on January 27, 1976, was "amended" by the trial jurist so as to place Troback on probation for a period of four years from November 29, 1976, with the proviso that Troback "shall not apply for reinstatement to practice law before the Bar of Pennsylvania or apply to the Bar of any other state for leave to practice law during the probationary period."

On February 5, 1976, upon being informed by the Disciplinary Counsel of Troback's conviction in the Federal District Court, this Court entered an order immediately suspending Troback from the practice of law in Pennsylvania and directing the Disciplinary Board of the Supreme Court of Pennsylvania (Board) to commence formal disciplinary proceedings.

On November 24, 1976, in accordance with this Court's mandate and following the affirmance of Troback's conviction and sentence by the United States Court of Appeals for the Third Circuit, a petition for discipline was filed by Disciplinary Counsel. On March 15, 1977, a hearing ensued before a hearing committee at which Troback represented himself. On May 31, the hearing committee filed its report with the Board recommending disbarment. After reviewing the record, the Board filed its report in this Court on August

19, also recommending disbarment. We immediately notified Troback of the Board's recommendation and offered him an opportunity to appear before the Court to present argument why the recommendation should not be accepted. Troback requested such an opportunity and on November 15, he appeared before the Court, presented oral argument, and filed a written brief.

Our review of attorney discipline is *de novo, In re Silverberg,* 459 Pa. 107, 327 A.2d 106 (1974), and, while a certificate of conviction of a crime by an attorney is conclusive evidence of the commission of that crime in any disciplinary proceeding based upon that conviction,[1] we may and should examine the underlying facts involved in the criminal charge to weigh the impact of the conviction upon the measure of discipline. Cf. *In the Matter of Anthony R. LaDuca,* 62 N.J. 133, 299 A.2d 405 (1973).

An examination of the instant record discloses the following:

Sometime prior to 1974, the respondent, Frank A. Troback, an attorney then practicing law in Lancaster County, Pennsylvania, pledged bearer bonds with a face value of $50,000.00 as collateral for a loan with a New York bank because he was personally acquainted with the chief operating officer at the bank and because the interest rates were favorable. Subsequently, when an equally favorable interest rate was obtainable in Lancaster County, he refinanced his loan through a local bank and transferred the securities to that bank as collateral for the loan. In 1974, the bonds were sold at Mr. Troback's request. At that time it was discovered that the bonds had been reported missing from a bank in Paramus, New Jersey, while Mr. Troback was employed by that bank. At the time of the bonds' disappear-

---

1. See Rule 214(b) of the Pennsylvania Rules of Disciplinary Enforcement, which states:

 "A certificate of a conviction of an attorney for such a crime shall be conclusive evidence of the commission of that crime in any Disciplinary proceeding instituted against the attorney based upon the conviction."

 See also *In re Gottesfeld,* 245 Pa. 314, 91 A. 494 (1914).

ance from the bank, they were included in the "Glass (Trust) Account" and Troback was an officer in the Trust Department.

During the trial in the Federal District Court and in these disciplinary proceedings, Troback has steadfastly denied the commission of any crime and has testified that the bonds involved were acquired from the estate of his wife's deceased mother, who died intestate in Lebanon County, Pennsylvania, in 1971 leaving Troback's wife as sole heir. He said the bonds were found in the mother-in-law's sewing cabinet in her apartment, although other securities owned by the decedent were found in a bank's safe deposit box. However, no evidence has· ever been produced to show how the mother-in-law acquired the bonds, although Troback suggested to the Disciplinary Board's hearing committee that he knows the history of these securities. Likewise, no evidence has ever been produced to show any direct connection between the mother-in-law and the Paramus bank. Finally, in July 1969, when interviewed by one agent of the Federal Bureau of Investigation, who was investigating the disappearance of the bonds from the bank, Troback stated he knew nothing concerning the bonds. In 1974, in an interview with a second agent of the Federal Bureau of Investigation, Troback said the bonds had been removed from the bank by "another person," but refused to disclose this person's identity because he did not want to get this other person involved.

Testimonial evidence has been presented in the disciplinary proceedings from prominent and respected citizens of Lancaster County, including members of the legal profession, attesting to Troback's ability as a lawyer and to his good reputation and character.

After a studied consideration of the facts and circumstances disclosed by the record, we have no hesitancy in concluding Troback has been guilty of conduct which is illegal, dishonest and deceitful. We, therefore, accept the recommendation of the Board, and Troback is ordered dis-

barred from the practice of law in any and every court under our supervision.[2]

PACKEL, J., did not participate in the decision of this case.

**2.** Under Rule 218(b) of Pennsylvania Rules of Disciplinary Enforcement, Troback may petition for reinstatement after the expiration of five years from February 5, 1976.