## In re Anonymous No. 11 D.B. 78

Disciplinary Board Docket no. 11 D.B. 78.

HENRY, *Chairman,* May 30, 1980—Pursuant to Pa.R.D.E. 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board), submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

### I. HISTORY OF PROCEEDINGS

On January 3, 1978, respondent was convicted by a jury in the United States District Court for the [    ]

District of Pennsylvania of conspiracy in violation of the Act of October 15, 1970, 84 Stat. 942, 18 U.S.C.A. §1962(d), and racketeering in violation of the Act of October 15, 1970, 84 Stat. 941-943, 18 U.S.C.A. §§1961, 1962(c) and 1963. The charges concerned respondent's acceptance of bribes from a bonding agency for the purpose of influencing his actions as member of the minor judiciary of Pennsylvania in connection with the imposition of bonds. The verdict was subsequently affirmed by the United States Circuit Court of Appeals. Respondent was fined $2500 and sentenced to three years in prison, all of which were suspended except for six months. Following the appeal, the sentence was modified to provide for incarceration on five weekends at a half-way house in [  ] County.

A petition for discipline was filed by the Office of Disciplinary Counsel on March 13, 1978, alleging that respondent's conduct constituted violations of D.R. 1-102(A)(3) through (6) (illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; conduct prejudicial to the administration of justice; and conduct adversely reflecting upon fitness to practice law). By agreement of counsel, the time for filing an answer was postponed until a final ruling on the appeal from the conviction. An answer was filed on October 29, 1979 and on October 30, 1979, the matter was assigned to hearing committee [  ]. One committee member recused himself with the consent of the parties.

A hearing was held on December 13, 1979 and a report was subsequently filed on February 28, 1980, concluding that respondent's conduct violated the Disciplinary Rules set forth in the petition

and recommending that respondent be suspended from the practice of law for a period of six months. Exceptions were filed on behalf of respondent and the matter was argued before a panel of this board and then referred to this board for review and recommendation to your honorable court.

## II. DISCUSSION

The findings of fact by the hearing committee are supported by the evidence and adopted by this board as its own. They can be summarized as follows:

Respondent was graduated from The University of [ ] School of Law in 1954. Following graduation he worked for six years as a legal advisor for [ ] County. In [ ] he was appointed to serve as a Workmen's Compensation Referee and he served in that capacity for approximately two and one-half years. He then became a Magistrate in the City Court of [ ] and performed as such until 1973. The activities which resulted in the criminal conviction occurred while he served in that capacity from 1970 through 1973. In April of 1973, respondent was admitted to the Bar of Pennsylvania. Thereafter, he engaged in the practice of law as a sole practitioner in [ ]. He is currently 62 years of age.

The charges which resulted in respondent's conviction involved his acceptance of money from a bonding agency to influence his action as a magistrate in carrying out his official responsibilities in conjunction with the bonding agency's activities.

Pa.R.D.E. 214(b) provides that: "A certificate of conviction of an attorney for such a crime [one punishable by imprisonment for one year or up-

ward] shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the attorney based upon the conviction." Therefore, the sole question before the hearing committee was to determine what, if any, disciplinary rules were violated by respondent's conduct and to recommend a form of discipline. The hearing committee concluded that respondent's conduct was illegal and involved moral turpitude; involved dishonesty, fraud, deceit or misrepresentation; was prejudicial to the administration of justice; and adversely reflected upon his fitness to practice law in violation of D.R. 1-102(A)(3), (4), (5) and (6). Counsel for respondent does not dispute these conclusions and this board finds them to be warranted.

At the hearing, counsel for respondent attempted to enter into evidence a portion or, in the alternative, all of the transcript of the testimony from the trial which resulted in respondent's conviction in an effort to establish that respondent's involvement was modest and did not involve substantial sums of money or improper administrative actions. Disciplinary Counsel objected on the ground that the proffered testimony was hearsay and did not fall within any of the recognized exceptions to the hearsay rule. In particular, Disciplinary Counsel was concerned about his ability to cross-examine the witness and that the prosecuting attorneys' objectives in performing their functions were not necessarily the same as his. The objection was sustained by the hearing committee. This action formed the basis for the exceptions to the hearing committee report filed on behalf of respondent.

This board concurs in the ruling of the hearing committee. Section 89.151 of the Rules of the Dis-

ciplinary Board, 204 Pa.Code §89.151, deals with evidence on the type of discipline to be imposed. It provides for additional evidence that is relevant and material for this purpose which otherwise might not be pertinent in determining the factual basis for charges of misconduct. As pointed out by the Office of Disciplinary Counsel in its brief, however, this rule only expands the scope of the evidence that can be submitted and does not alter the form in which the evidence is to be presented. The underlying facts involved in a criminal charge may be examined to weigh the impact of the conviction upon the measure of discipline: Office of Disciplinary Counsel v. Troback, 477 Pa. 318, 383 A. 2d 952 (1978). Evidence as to degree of involvement or culpability can be presented through witnesses subject to cross-examination by either party. Admittedly, there is an elusive line segregating evidence of this nature from that which can be characterized as retrying the underlying case. Testimony or evidence that falls within this gray area must be ruled upon on a case by case basis in an effort to be fair to both respondent and the public.

It should be noted that in criminal proceedings the sentencing judge normally is familiar with the facts supporting the conviction and the details of the testimony where there has been a trial. The prosecutor and defendant, however, participated in the creation of that record. In disciplinary proceedings where Rule 214(b) is involved, the Office of Disciplinary Counsel has not participated in the trial and had the opportunity to examine the witnesses. On the other hand, Disciplinary Counsel is able to establish the commission of a crime on the basis of the certification of conviction alone without offering into evidence the entire record which

resulted in that conviction. It is within this context that rulings on offers of evidence with respect to the degree of culpability for purposes of imposing discipline must be decided. The form of the testimony, however, must always meet the standard evidentiary requirements.

Respondent was convicted of accepting bribes in the performance of his official duties as a Magistrate in the City Courts of [ ]. The testimony his counsel had hoped to offer through the transcript was that the amount of money he received was small and the favors he rendered were of little or no consequence. He hoped to establish that the money was more in the form of a "tip" expressing general appreciation than consideration for a specific improper act or acts. Respondent's counsel urges that these facts, if accepted, coupled with the respondent's age, deteriorating health, years of public service and civic involvement, should result in less severe discipline than the six month suspension recommended by the hearing committee. In arriving at its conclusion, the hearing committee specifically observed: "The relatively light sentence imposed by the trial judge indicates the degree of guilt and moral turpitude involved on the part of the Respondent." Considering this, as well as all of the other factors in mitigation submitted on behalf of respondent, the hearing committee concluded that a six month suspension was appropriate. It is the unanimous opinion of this board that, even if the testimony offered had been admitted, this board would concur in the recommendation of the hearing committee. The acceptance of funds by a public official, and particularly one involved in the judicial system, no matter how insignificant in amount and notwithstanding the fact that little, if anything, was done in exchange for the same, seriously

undermines the public confidence in the rule of law, which forms the basis for our society. To impose anything less than a six month suspension, under the circumstances, would only further erode that essential confidence.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent be suspended from the practice of law for a period of six months and that respondent shall comply with all of the provisions of Pa.R.D.E. 217.

Messrs. Anderson and Krawitz did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*, and now, June 24, 1980, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 30, 1980, is rejected; and it is ordered, that respondent, be, and he is suspended from the practice of law for a period of one year in the Supreme Court and in all the courts under its supervisory jurisdiction and until further order of this court. Respondent shall comply with all of the provisions of Rule 217 of The Pennsylvania Rules of Disciplinary Enforcement.