## In Re Anonymous No. 71 D.B. 84

Disciplinary Board Docket No. 71 D.B. 84.

To The Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania

ELLIOTT, *Chairman,* May 31, 1985—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect *to the above-captioned petition for* discipline.

### I. SUMMARY OF THE CASE

Respondent, [ ], admittedly failed to file federal income tax returns for the years 1977, 1978 and 1979. An Information was filed against respondent in April, 1984 charging him with three counts of willfully failing to file his federal personal income tax returns in violation of 26 U.S.C. §7203. Pursuant to a plea agreement, respondent entered a plea of guilty to one count and the other two were dismissed. Respondent was ultimately fined and sentenced to three years of probation with a requirement of 260 hours of community service.

On June 28, 1984, immediately upon accepting the guilty plea, the Honorable [A], United States District Judge, suspended respondent from practice in the [ ] District of Pennsylvania pending final

disposition of any disciplinary proceedings commenced in connection with respondent's conviction.

As a result of respondent's conviction of one count of failure to file income tax return in violation of 26 U.S.C. §7203, a crime punishable by a term of imprisonment of one year, the Supreme Court of Pennsylvania entered an order dated September 7, 1984 directing that:

a. Respondent be suspended immediately from the practice of law in the Commonwealth of Pennsylvania pursuant to Pa.R.D.E. 214(d);

b. Respondent comply with all provisions of Pa.R.D.E. 217 which were not inconsistent with the court's order; and,

c. The matter of respondent's conviction be referred to the Disciplinary Board pursuant to Pa.R.D.E. 214(f) for the institution of a formal proceeding to determine the extent of final discipline to be imposed on respondent for the aforesaid conviction.

The instant petition for discipline followed on September 24, 1984. In his answer to the petition respondent admitted all operative facts and his violation of D.R. 1-102 (A)(4).

A hearing committee was assigned to consider the nature of discipline to be imposed. After a hearing, the hearing committee recommended a suspension of three months, computed from the effective date of his suspension by the Supreme Court, October 6, 1984. No exceptions were filed to the hearing committee's report.

## II. DISCUSSION

Respondent readily admits his failure to file income tax returns. However, he has complied with

Judge [A]'s orders and, on February 20, 1985, respondent was discharged from probation by Judge [A] in response to a petition for probation action filed by the Chief U.S. Probation Officer in which it is stated, inter alia, that respondent has met his community service requirements and cooperated fully in all aspects of the probation requirements.

Some cases disciplining attorneys for failure to file income tax returns resulted in public censure of the attorney for his failure. See, In Re: Anonymous No. 62 D.B. 78, 14 D.&C. 3d 284, 290 (1979); In Re: Anonymous No. 15 D.B. 76, 4 D.&C. 3d 394, 398 (1977). Two recent cases have resulted in the suspension of the attorney. In Re: Anonymous No. 15 D.B. 83, 28 D.&C. 3d 609, 617 (1983) (one-year suspension); In Re: Anonymous No. 53, D.B. 81, 21 D.&C. 3d 673, 679 (1982) (three-month suspension). In each case, discipline must be imposed only after an examination of the facts and circumstances surrounding the errant behavior. The Office of Disciplinary Counsel v. Troback, 477 Pa. 318, 383 A.2d 952, 953 (1978).

In this case, the board agrees with the hearing committee that a three month suspension retroactive to October 6, 1984 is appropriate.

Respondent attributes his failure to file income tax returns to his practice of overextending himself and procrastinating. In addition, although his adjusted gross income was approximately $32,000, $41,000 and $56,000 for 1977, 1978 and 1979, respectively, he claims he did not have the money to pay his taxes for those years.

Respondent's procrastination has caused him trouble in the past. On August 10, 1983, he was informally admonished for conduct found to violate Disciplinary Rule 6-101(A)(3). This admonition was

the result of respondent's neglect of a legal matter entrusted to him, despite repeated attempts by the client and her attorney to contact him to obtain a report of progress in the matter.

Thus, the board believes that respondent's past violation, as well as his conviction of a serious crime, merit a suspension. The board notes, as did the hearing committee that Pa.R.D.E. 218(a) requires an order of the Supreme Court of Pennsylvania for reinstatement of attorneys suspended for a period in excess of three months. Respondent has already served an effective suspension of over seven months. Thus a suspension of greater than three months, which would extend the actual suspension during the period required to receive reinstatement, would create an overly harsh penalty.

## IV. RECOMMENDATION

For the foregoing reasons, the board respectfully recommends that your honorable court suspend respondent for a period of three months, computed from October 6, 1984. Costs are to be paid by respondent.

## ORDER

NIX, *C.J.*, And now, this August 2, 1985, upon consideration of the recommendation of the Disciplinary Board dated May 31, 1985, it is ordered that [respondent], be and he is suspended from the Bar of the Commonwealth for a period of three months, retroactive to October 6, 1984, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.