**In re Anonymous No. 128 D.B. 90**

Disciplinary Board docket no. 128 D.B. 90.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McGIVERN, *Member,* November 5, 1992—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court

with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Pennsylvania Supreme Court issued an order on November 27, 1990, suspending respondent from the practice of law. The order was entered in accordance with Rule 214(d), Pa.R.D.E., on the basis of respondent's March 1, 1990 conviction in the United States District Court for the [    ] District of Pennsylvania on charges of conspiracy to manufacture Phenyl-2-Propanone and methamphetamine in or about June 1985, through February 1986, in violation of 21 U.S.C. §841(a)(1); manufacture of P2P in or about June, 1985, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2; and manufacture of methamphetamine in or about January 1986, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

As a result of the conviction, respondent was sentenced to serve two terms of imprisonment of 12 years, to run concurrently to each other; a five year probationary period to commence upon respondent's release from custody, a fine of $15,000, and a special assessment of $150.

Respondent appealed the judgment of sentence imposed upon him by the United States District Court for the [    ] District of Pennsylvania to the United States Third Circuit Court of Appeals. On March 14, 1991, the United States Court of Appeals for the Third Circuit affirmed the judgment of the United States District Court for the [    ] District of Pennsylvania.

On October 16, 1991, the Office of Disciplinary Counsel filed a petition of discipline against respondent on the basis of his conviction. The petition alleged that the conduct which led to respondent's criminal con-

viction violated four disciplinary rules. Respondent filed no answer.

A hearing of the matter was held on February 26, 1992 before Hearing Committee [     ], which was chaired by [     ], Esquire, and included members [     ], Esquire, and [     ], Esquire. Hearing Committee [     ] filed its report on May 27, 1992 and recommended that respondent be disbarred from the practice of law.

The matter was adjudicated at the July 24, 1992 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

The board adopts the findings of fact made by the Hearing Committee, which are amply supported by the evidence in this matter.

(1) Petitioner, whose principal office is located at Union Trust Building, Suite 400, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [     ], is currently suspended from the practice of law by order of the Supreme Court of Pennsylvania dated November 27, 1990, entered pursuant to Pa.R.D.E. 214(d).

(3) Respondent previously maintained an office for the practice of law in [     ], [     ], County, Pennsylvania. In addition, respondent is a former district attorney of [     ] County. (N.T., pp. 10-11.)

(4) Respondent is currently incarcerated. His permanent residence address is [ ].

(5) During a time period from in or about June 1985, through in or about February 1986, in [ ] County, respondent and another conspired to manufacture controlled substances known as Phenyl-2-Propanone and methamphetamine, both in violation of the United States Code.

(6) Respondent also engaged in the manufacture of P2P and methamphetamine between in or about June 1985 and in or about January 1986, also in violation of provisions of the United States Code.

(7) Respondent engaged in the foregoing conduct as an active participant in the scheme, plan or design to manufacture controlled substances. The acts which he performed in furtherance of the conspiracy included, but are limited to, the following:

(a) writing lists of ingredients for the manufacture of controlled substances;

(b) delivering ingredients and laboratory equipment for the manufacture of the controlled substances;

(c) providing formulas for the manufacture of the controlled substances;

(d) transferring money and chemicals in furtherance of the manufacture of the controlled substances; and

(e) transporting the manufactured substances.

(8) As a result of respondent's illegal conduct as set forth hereinabove, he was indicted on or about December 14, 1989, by a grand jury in the United States District Court for the [ ] District of Pennsylvania.

(9) In the aforesaid indictment, respondent was charged with:

(a) conspiracy to manufacture P2P and methamphetamine in or about June 1985, through February 1986;

(b) manufacture of P2P in or about June 1985;

(c) manufacture of methamphetamine in or about January 1986, and,

(d) manufacture of methamphetamine in or about February 1986.

(10) Following a trial in the United States District Court for the [    ] District of Pennsylvania, respondent was found guilty on or about March 1, 1990, of all charges except the manufacture of methamphetamine in or about February 1986. (Count five of the indictment.)

(11) On or about July 9, 1990, the Honorable [A], United States District Judge, sentenced respondent as follows:

(a) a term of imprisonment of 12 years on each of Counts Two and Four, to run concurrently to each other;

(b) as to Count One of the indictment, a period of probation of five years, to commence upon respondent's release from custody following the term of imprisonment.

(c) a fine of $15,000 to be paid in monthly installments during the first three years of probation.

(d) a special assessment of $150; and,

(e) other conditions of probation routinely imposed upon defendants in federal criminal cases.

(12) Thereafter, respondent appealed the judgment of the sentence imposed upon him by the United States District Court for the [    ] District of Pennsylvania to the United States Third Circuit Court of Appeals.

(13) By order dated March 14, 1991, the United States Circuit Court of Appeals for the Third Circuit

affirmed the judgment of the United States District Court for the [    ] District of Pennsylvania.

(14) A hearing before the Hearing Committee was held on February 26, 1992.

(15) Respondent did not appear at the hearing on February 26, 1992, although his counsel did. Respondent did not have any desire to attend the hearing and did not desire to defend the disciplinary charges brought against him. (N.T., pp. 4-5.)

## III. CONCLUSIONS OF LAW

Respondent's March 1, 1990 conviction for violations of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 is a conviction under Pa.R.D.E. 214(d).

Respondent's conviction constitutes a per se independent basis for discipline under Pa.R.D.E. 203(b)(1).

Respondent's aforementioned misconduct violated the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(2): A lawyer shall not circumvent a disciplinary rule through actions of another.

(b) D.R. 1-102(A)(3): A lawyer shall not engage in illegal conduct involving moral turpitude.

(c) D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(d) D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.

## IV. DISCUSSION

The first issue to be resolved in any disciplinary action is whether respondent's conduct is, in and of

itself, a basis for the imposition of discipline. In the instant matter, respondent's criminal conviction constitutes a per se ground for discipline pursuant to Pa.R.D.E. 203(b)(1). Since respondent's misconduct establishes a basis for the imposition of discipline, the only issue remaining is the appropriate measure of discipline to be imposed.

In matters involving a respondent's criminal conviction as a part of the disciplinary proceeding, the board must "consider the events which surrounded the criminal charge in order 'to weigh the impact of the conviction upon the measure of discipline.' " *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 391, 441 A.2d 1193, 1195 (1982), quoting *Office of Disciplinary Counsel v. Troback,* 477 Pa. 318, 320, 383 A.2d 952, 953 (1978). Furthermore, we are mindful that our recommended discipline must protect the interests of the public while also upholding the integrity of the bar. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 80-81, 526 A.2d 1180, 1186 (1987).

Respondent's conduct consisted of conspiring to manufacture controlled substances known as P2P and methamphetamine, and engaging in the manufacture of P2P and methamphetamine. In *Office of Disciplinary Counsel v. Simon,* 510 Pa. 312, 507 A.2d 1215 (1986), the Supreme Court of Pennsylvania disciplined an attorney involved in the sale of cocaine, a controlled substance. The court held that facilitating the sale and purchase of cocaine, alone, warrants disbarment. *Id.* at 322, 507 A.2d at 1220. In the present matter, respondent's conduct of manufacturing P2P and methamphetamine was likewise facilitating the sale and purchase of controlled substances. Therefore, the disbarment of respondent is warranted.

Moreover, we are presented with conduct by respondent more egregious than facilitating the sale and purchase of controlled substances. Respondent actively participated in a drug ring. Respondent provided ingredients and laboratory equipment for the making of controlled substances; he provided formulas describing how to make controlled substances; he transferred money and chemicals in furtherance of the manufacture of controlled substances; and he transported the manufactured substances. It is self-evident that respondent was an active participant in a scheme to manufacture and distribute dangerous narcotics. Where one who has sworn to uphold the law actively conspires to breach it, his fitness to practice is unquestionably destroyed. *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 483-484 345 A.2d 616, 622 (1975).

Even more troubling is the fact that respondent is a former district attorney of [　] County. As district attorney respondent was given the public trust to uphold the law and to prosecute those who violate it. It is quite obvious from respondent's conduct that he does not respect the very laws that he previously enforced. Instead of setting an example to the community as the former district attorney of [　] County, respondent disparaged himself and the bar of this Commonwealth by his despicable conduct of facilitating the manufacture of illegal narcotics. *"A court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the bar and to prevent the transgressions of an individual lawyer from bringing its image into disrepute." Office of Disciplinary Counsel v. Lewis,* 493 Pa. 519, 528, 426 A.2d 1138, 1142 (1981); *Matter of Leopold,* 469 Pa. 384, 366 A.2d 227, 231-232 (1976), quoting *Maryland State Bar Association, Inc. v. Agnew,* 271 Md. 543, 318 A.2d 811

(1974). (emphasis added) In order to preserve the integrity of the bar and to send a clear message to attorneys of this Commonwealth that similar conduct will be strictly disciplined, respondent must be disbarred.

The integrity of the bar as perceived by the public can only be tarnished if the criminal conduct engaged in by respondent is not dealt with stringently. Therefore, respondent's hands-on involvement in a scheme to manufacture and transfer P2P and methamphetamine necessitates his disbarment.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [     ], be disbarred.

The board further recommends that the court direct that respondent pay all the necessary expenses incurred in the investigation and processing of this matter pursuant to Pa.R.D.E. 208(g).

Messrs. Paris and Witherel did not participate in the adjudication.

## ORDER

And now, December 4, 1992, upon consideration of the report and recommendations of the Disciplinary Board dated November 5, 1992, it is hereby ordered that [respondent] be and he is disbarred from the bar of this Commonwealth and he shall comply with all the provisions of Pa.R.D.E. 217. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Pa.R.D.E. 208(g).