**In re Anonymous No. 62 D.B. 91**

Disciplinary Board Docket no. 62 D.B. 91.

GILARDI, *Member,* October 28, 1993—

## I. HISTORY OF PROCEEDINGS

The instant matter was referred to the Disciplinary Board by Supreme Court order dated May 21, 1991. The order was issued pursuant to Rule 214(f)(1), Pa.R.D.E., and was based on respondent's November 1990 conviction for driving under the influence of alcohol, in violation of 75 Pa.C.S. §3731(a)(1). (Exh. P-4.)

On October 1, 1991, the Office of Disciplinary Counsel filed a petition for discipline of respondent in light of the aforementioned conviction.

Respondent filed an answer to the petition for discipline on October 29, 1991.

The matter was referred to Hearing Committee [    ] which was chaired by [    ], Esquire, and included members [    ], Esquire, and [    ], Esquire. A hearing was held on January 6, 1992 and evidence relevant to the type of discipline to be imposed was received.

Respondent's counsel submitted a memorandum of law to the Hearing Committee on January 28, 1992 and argued for the imposition of private discipline.

On March 16, 1992, the Hearing Committee filed its report and recommended that respondent receive private discipline with a conditional probation, based on his weekly attendance at meetings of Alcoholics Anonymous for a period of one year.

The matter was adjudicated at the April 10, 1992 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

(1) Respondent was born in 1955 and admitted to the Pennsylvania Bar in 1981. He currently practices law in [    ].

(2) On the evening of June 19, 1990, respondent was stopped by a police officer in [    ], [    ] County, for driving his automobile in the wrong direction on a one-way street.

(3) A field sobriety test administered by the officer revealed that respondent had a blood-alcohol content of .263 percent.

(4) Respondent was charged with driving under the influence of alcohol, in violation of 75 Pa.C.S. §3731(a)(1), a misdemeanor of the second degree, which may be punishable by a term of imprisonment in excess of one year. (75 Pa.C.S. §3731(e)(1), 18 Pa.C.S. 106(b)(7).)

(5) On November 26, 1990, respondent entered a plea of guilty and was sentenced to:

(a) A term of imprisonment of not less than 48 hours nor more than 12 months in the [    ] County Prison;

(b) A fine of $300;

(c) Suspension of his driving privileges for one year;

(d) A requirement that he submit to a court reporting network and comply with the resulting recommendations; and

(e) Completion of a safe driving program. (Exh. P-1-3.)

(6) Respondent successfully completed a rehabilitation program at [A], Inc. in 1991. (Exh. R-1.)

(7) Respondent has completed the terms of his sentence, paid all fines and costs, had his driver's license reinstated, and is no longer on parole. (N.T. 30.)

(8) [B], Esquire and [C], Esquire, testified before the Hearing Committee that respondent is an extremely competent attorney and highly regarded by other members of the bar. (N.T. 8-15.) Several members of the bar and community also submitted favorable letters to the Hearing Committee and attested to respondent's reputation and character. (Exh. R-3-11.)

## III. CONCLUSIONS OF LAW

(1) Respondent's November 1990 conviction for violation of 75 Pa.C.S. §3731(a)(1) is a conviction under Rule 214(d), Pa.R.D.E.

(2) Respondent's conviction constitutes a per se independent basis for discipline under Rule 203, Pa.R.D.E.

## IV. DISCUSSION

In light of respondent's conviction of a serious crime there is no question presented as to whether misconduct occurred. See Pa.R.D.E. 203 and 214. Respondent's criminal conviction provides a per se basis for discipline. Furthermore, there is no question that some form of discipline is warranted. Thus, the only question that we must decide is the extent of discipline that is warranted.

When determining the appropriate sanction to be imposed in a case such as this, the board must "consider the events which surrounded the criminal charge in order 'to weigh the impact of the conviction upon the measure of discipline.' " *Office of Disciplinary Counsel v. Eilberg*, 497 Pa. 388, 391, 441 A.2d 1193, 1195 (1982), quoting

*Office of Disciplinary Counsel v. Troback,* 477 Pa. 318, 320, 383 A.2d 952, 953 (1978).

Respondent's conviction and, in turn, the petition for discipline were based upon respondent's misuse of alcohol. We do not condone the behavior which led to the respondent's conviction; however, we note that the respondent's misconduct in this case was personal in nature. Respondent's misconduct did not harm a client, the profession, or the legal system. Nevertheless, we are compelled to impose an appropriate sanction because "conviction of a serious crime is in itself a basis for discipline." *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 19, 584 A.2d 296, 298 (1990).

Since his 1990 conviction, respondent has satisfied all of the conditions of his sentence and is no longer on parole. He is known in the legal community as a competent practitioner whose reputation for truthfulness is unquestioned. In addition, we note that respondent has no prior disciplinary history. (N.T. 19.) In view of the respondent's heretofore unblemished record, and in view of the fact that respondent only harmed himself, we conclude that a private reprimand is the appropriate sanction in this case. We are satisfied that this sanction is in keeping with the rehabilitative nature of our disciplinary system, and recognizes the serious consequences of an attorney's criminal conviction.

We decline to follow the Hearing Committee's recommendation that respondent be placed on probation and be directed to attend Alcoholics Anonymous meetings. The American Medical Association, the American Psychiatric Association, the American Public Health Association, the World Health Association and the American

College of Physicians have all officially pronounced alcoholism as a disease. G. E. Vaillant, *The Natural History Of Alcoholism,* 3 (1983). Thus, many people in the field of medicine and addiction treatment subscribe to the disease concept of alcoholism. In this case, the respondent has denied that he is alcoholic. We cannot and will not diagnose the respondent as alcoholic since only the respondent can make that diagnosis. See Abraham J. Twerski, *Caution "Kindness" Can Be Dangerous To The Alcoholic,* 8-18, 30-37 (1981). We will not place a respondent lawyer on probation for substance abuse if that lawyer denies that he or she has a substance abuse problem. Accordingly, we decline to impose probationary conditions on the respondent, relating to substance abuse, since he denies that he has a problem with alcohol.

## V. DETERMINATION

The Disciplinary Board of the Supreme Court of Pennsylvania determines that respondent [    ] shall receive a private reprimand. Costs are to be paid by respondent.

Ms. Flaherty and Mr. Leonard did not participate in the adjudication.

## ORDER

And now, October 28, 1993, upon consideration of the report and recommendation of Hearing Committee [    ] filed March 16, 1993; it is hereby ordered that the said [respondent] of [    ] be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.