**In re Anonymous No. 99 D.B. 92**

Disciplinary Board Docket no. 99 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

FRIEDMAN, *Chairman,* September 27, 1994—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On September 3, 1992 the Supreme Court of Pennsylvania entered a rule to show cause as to why respondent should not be placed on temporary suspension based on his conviction in the United States District Court for the [    ] District of Pennsylvania of two counts of tax evasion in violation of 26 U.S.C. §7201.

Respondent filed an answer to the rule to show cause on September 11, 1992. Petitioner filed a motion to make rule absolute on September 18, 1992.

On October 2, 1992 the Supreme Court placed respondent on temporary suspension pursuant to Rule 214, Pa.R.D.E.

Petitioner filed a petition for discipline on November 6, 1992 with the secretary of the disciplinary board. On November 30, 1992 respondent filed an answer to the petition for discipline.

The matter was referred to Hearing Committee [    ] on December 18, 1992. At that time the committee consisted of [    ], Esquire, Chair, and [    ], Esquire and [    ], Esquire, members. On July 27, 1993 the matter was reassigned to Hearing Committee [    ], which now

consisted of [    ] Esquire, chair, and [    ], Esquire, and [    ] Esquire, members.

A hearing on the matter was held on October 21, 1993.

Petitioner filed a brief to the Hearing Committee on December 6, 1993. Respondent filed his brief to the Hearing Committee on December 23, 1993.

On May 12, 1994 the Hearing Committee filed its report and recommended a suspension greater than one year with conditions. Neither party filed exceptions to the report.

The matter was adjudicated by the Disciplinary Board at its meeting on June 22, 1994.

## II. FINDINGS OF FACT

(1) Office of Disciplinary Counsel whose principal office is now located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement with the power to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the aforesaid rules.

(2) [    ] was born in 1937 and was admitted to the practice of law in the Commonwealth of Pennsylvania in 1967. His last registered address for the practice of law was [    ].

(3) Respondent was indicted by a federal grand jury on or about December 17, 1991 on five counts of tax evasion, violating 26 U.S.C. §7201, and five counts of filing false tax returns, violating 26 U.S.C. §7206. (Stip. 6.)

(4) Respondent pleaded guilty to Counts Three and Five of the indictment on February 25, 1992. (Stip. 7.)

(5) The conduct for which respondent was indicted in Count Three occurred on or about August 17, 1988. (Stip. 8.)

(6) The conduct for which respondent was indicted under Count Five occurred on or about June 14, 1987. (Stip. 9.)

(7) Respondent was sentenced on Count Five in the United States District Court on July 17, 1992 to imprisonment for a period of 12 months to be followed by supervised release for three years. The sentencing judge recommended that respondent be transferred to community confinement after six months. Respondent was also fined $25,000. On Count Three, respondent was concurrently sentenced to a 12 month prison sentence to be served with six months suspended, and three years probation. (Stip. 10.)

(8) Respondent has completed the confinement. (Stip. 12.) He remains on probation.

(9) The government would have demonstrated by evidence at trial that respondent knowingly and intentionally failed to report as income cash fees received from clients of his law practice in the amount of approximately $1,235,330.74, which resulted in an underpayment of income tax of approximately $475,212.93. (Stips. 15, 16.)

(10) The income which respondent failed to report was distributed almost equally between respondent's legal wife and children, and a parallel family headed by a former female employee of respondent. (Exh. P-8; N.T. 147-150.)

(11) [A], Ed.D., a licensed psychologist, testified for respondent that respondent suffered from psychological problems, including an obsessive-compulsive disorder. (*e.g.,* N.T. 43-45.) The expert's testimony regarding psychological causation of respondent's criminal behavior was not credible.

(12) Respondent presented the character testimony of four attorneys: [B], [C], [D] and [E]. All testified that respondent possessed an excellent reputation for truthfulness and honesty within the legal community, and that he was well-known for his zealousness in representing all of his clients. (N.T. 28-30, 84-86, 118-119, 122.)

(13) Respondent presented ample evidence of his unfailing dedication to a high number of pro bono representations. (Exh. R-5; N.T. 30, 96-100, 123-124.)

(14) Respondent is presently working for his son, [F], Esq. as a legal assistant, in which position he does not meet with clients on his own. (N.T. 109, 111.) Clients are informed as to respondent's role within the law firm by an acknowledgment form outlining respondent's duties. (Exh. R-6.)

## III. CONCLUSIONS OF LAW

The board finds that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

D.R. 1-102(A)(3) through engaging in illegal conduct involving moral turpitude.

D.R. 1-102(A)(4) through engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

D.R. 1-102(A)(6) through engaging in other conduct that adversely reflects upon his fitness to practice law.

The board finds that respondent has violated the following Rules of Professional Conduct:

R.P.C. 8.4(b) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as an attorney in other respects.

R.P.C. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

The board further finds that respondent's conviction constitutes a violation of Pa.R.D.E. 203(b)(1).

## IV. DISCUSSION

Respondent was born in 1937 and is 57 years of age. He graduated from [     ] University and [     ] Law School. Following his graduation from law school respondent began practicing law in [     ]. He later established a busy practice in [     ], specializing in criminal defense work.

Respondent was indicted by a federal grand jury on December 17, 1991 on five counts of filing false tax returns. Respondent failed to report cash fees for the period 1985 through 1989 in the amount of approximately $1,235,230.74 and failed to pay tax to the United States Government in the amount of approximately $475,212.93. On February 25, 1992 he entered a plea to two counts of the indictment. On July 17, 1992 respondent was sentenced to a period of 12 months incarceration and three years probation. His probation will terminate in July 1996.

Respondent's conviction constitutes a violation of Pa.R.D.E. 214. His conduct, which occurred both prior to and subsequent to April 1, 1988, therefore violated

the Code of Professional Responsibility and the Rules of Professional Conduct.

A number of attorneys testified at respondent's hearing regarding his reputation as a truthful and honest practitioner and as an individual who was highly dedicated to his clients. (N.T. 28-30, 84-87, 118-119, 122-123.) Respondent also presented the testimony of Father [G]. Father [G] testified as to the large amount of pro bono work undertaken by respondent. He testified that respondent undertook difficult representations without payment and treated those cases as if the clients were paying. (N.T. 96-98.) His reputation for handling pro bono cases was corroborated by several other witnesses. (N.T. 30, 119, 123-124.) Respondent was also highly involved in community affairs. (Exh. R-5.)

Respondent also presented the testimony of [A], Ed.D. Dr. [A] testified that respondent suffered from a condition which he characterized as an obsessive-compulsive disorder. The board concludes, however, that the psychological evidence presented by respondent does not meet the test established by the court in *Office of Disciplinary Counsel v. Braun*, 520 Pa. 157, 553 A.2d 894 (1989).

Respondent failed to report income over a five year period which exceeded $1,000,000. During that period of time he maintained two separate families and households. One household consisted of his legal wife and four children and the second was composed of a female ex-employee and three children, two of them fathered by respondent. (N.T. 147-148.) Respondent claimed that he did not report this income because he feared that his second household would be disclosed to his wife and their children. (N.T. 150.)

Respondent obviously enjoys an excellent reputation in the legal community and in the community at large. Prior to his suspension he maintained a highly active criminal defense practice and did a great deal of pro bono work. He has no prior disciplinary record but for an informal admonition which was administered in April 1989. The Hearing Committee therefore recommended that respondent be suspended until 16 months prior to the termination of his federal probation, which was later calculated to be January 1995, a suspension of approximately 27 months.

The primary purpose of the disciplinary system is to protect the public from unfit attorneys and to maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Christie,* 536 Pa. 394, 639 A.2d 782 (1994). Although respondent's conduct did not involve representation of a client, it certainly reflects upon the integrity of the profession.

The next step in the process is to consider the events which surrounded the criminal charge in order to "weigh the impact of the conviction upon the measure of discipline." *Office of Disciplinary Counsel v. Troback,* 477 Pa. 318, 320, 383 A.2d 952, 953 (1978). The board agrees with the Hearing Committee that respondent's conduct requires that he be suspended from the practice of law.

In determining the appropriate period of suspension the board considers that respondent failed to report a substantial amount of income over a five year period of time. Although respondent testified that he needed the additional funds to support his other family, it certainly does not explain the failure to report $1,200,000 in income. In terms of mitigation, respondent enjoys an excellent

reputation as a leading criminal defense lawyer in [   ]. He is also well respected in the community at large. Furthermore, he has had no prior discipline in over 25 years of practice but for an informal admonition administered in 1989.

The Hearing Committee has recommended a 27 month suspension. Neither respondent nor Office of Disciplinary Counsel has filed exceptions to that recommendation. In *In re Anonymous No. 56 D.B. 78*, 12 D.&C.3d 551 (1979) the board recommended a three month suspension for a respondent who had been convicted of one count of filing false returns for failure to report $27,500 in income. The court imposed a four month suspension. In *In re Anonymous No. 7 D.B. 76*, 5 D.&C.3d 237 (1977) the court suspended respondent for two years after his conviction of two counts of filing false returns. Similarly, in *In re Anonymous No. 93 D.B. 89*, 17 D.&C.4th 390 (1992) the court directed that respondent be suspended for a period of three years after respondent was convicted of four counts of filing false returns. Respondent in that case was also convicted of one count of criminal conspiracy in a scheme which involved a three year period of skimming profits from business investments.

The board is of the view that a 30 month period of suspension is warranted as it takes into account the serious nature of respondent's misconduct, protects the interest of the public and maintains the integrity of the profession. *Office of Disciplinary Counsel v. Stern*, 515 Pa. 68, 526 A.2d 1180 (1987).

The board further recommends that the period of suspension commence on October 2, 1992, the date respondent was suspended by the court.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to your honorable court that respondent, [    ] be suspended from the practice of law for 30 months, retroactive to October 2, 1992, the date of temporary suspension.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Mr. Kerns, Ms. Lieber and Ms. McGivern did not participate in the adjudication of this matter.

Mr. Saltz recused himself from consideration of this matter.

## ORDER

And now, October 24, 1994, upon consideration of the report and recommendations of the Disciplinary Board dated September 27, 1994, it is hereby ordered that [respondent], be and he is suspended from the bar of this Commonwealth for a period of 30 months, retroactive to October 2, 1992, the date of temporary suspension, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Castille did not participate in this matter.

Mr. Justice Montemuro is sitting by designation.